UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JEFFREY WARD,

    Petitioner,

v.

J.A. TERRIS,

    Respondent.
_____/

Case No.17-13753

HON. AVERN COHN

# MEMORANDUM AND ORDER
# DENYING PETITION UNDER 28 U.S.C. § 2241

## I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Mark Jeffrey Ward, (Petitioner), a federal prisoner, filed a pro se petition seeking relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) after he successfully completed a drug treatment program. Respondent, through the United States Attorney's Office, filed a response, arguing that the petition is without merit. For the reasons that follow, the petition will be denied.

## II. Background

On November 14, 2007, Petitioner pled guilty to possession with intent to distribute cocaine base - crack, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) and § 924(a)(2) (Count Five). United States v. Ward, Case No. 07-20292 (E.D. Mich.). The plea agreement called for a guideline range of 87-108 months, based in part on the application of the safety valve. The probation department, however, calculated the

guideline range as 57-71 but also concluded that Petitioner was not eligible for the safety valve; therefore the guideline range was set at the 120 month mandatory minimum. See 21 U.S.C. § 841(b) and U.S.S.G. §5G1.1.

On June 10, 2008, the Court sentenced Petitioner to 108 months imprisonment, the top of the guideline range. The Court found that the safety valve did apply and therefore accepted the sentencing range in the plea agreement. The sentence was later reduced to fifty seven (57) months. See Docs. 30, 31.

Meanwhile, on January 7, 2009, Petitioner was sentenced to 240 months and 1 day by another judge in this district for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 851. The sentence was ordered to run concurrent to the sentence in 07-cr-20292. See United States v. Ward, No. 08-cr-20327 (E.D. Mich.)(Doc. 16).

On November 4, 2016, President Obama granted Petitioner executive clemency; his sentence is to expire on November 4, 2018. See Respondent's Exhibits 4, 5.

Petitioner participated in the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP) from February 5, 2016, through December 9, 2016. On December 9, 2016, the BOP denied Petitioner's request for early release after his successful completion of the RDAP. The BOP determined that Petitioner was ineligible for the early release benefit under 18 U.S.C. §3621(e) in part because he received a two-point sentencing enhancement for possession of a dangerous weapon in the case before the undersigned.

After exhausting his administrative remedies, Petitioner filed the instant petition for writ of habeas corpus. Petitioner says that he was eligible for a one year sentence

reduction under § 3621(e)(2)(B) because he was convicted only of non-violent offenses.

III. Analysis

A.

Title 28 U.S.C. § 2241 grants federal district courts jurisdiction over writs of habeas corpus for state prisoners only where they allege they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). Title 28 U.S.C. § 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits." Velasco v. Lamanna, 16 F. App'x 311, 314 (6th Cir. 2001). Petitioner's claims are properly brought under § 2241.

B.

In 1994, Congress passed the Violent Crime and Control Act of 1994 (Act). Part of the Act directed the BOP to make appropriate substance abuse treatment available to prisoners the BOP determined to have a treatable condition of substance abuse or addiction. 1 8 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R. § 550.58. The revised regulation abandoned its earlier incorporation of the crime-of-violence definition in 18 U.S.C. § 924 (c)(3) and adopted new criteria for determining an

3

inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under § 3621 (e)(2)(B).

To aid BOP staff in understanding and implementing these amendments to Section 550.58, the BOP issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under § 2D1.1 and § 2D1.11 of the Federal Sentencing Guidelines. On December 22, 2000, the final version of 28 C.F.R. § 550.58 went into effect. See 65 F.R. 80745.

On January 14, 2009, a new final rule was published in the Federal Register at 74 Fed. Reg. 1892-1901 and took effect on March 16, 2009. This new rule, 28 C.F.R. § 550.55, is essentially the same as 28 C.F.R. § 550.58, in that it indicates that inmates who are convicted of "An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" are ineligible for the sentence reduction. 28 C.F.R. § 550.55(b)(5)(ii). An inmate is now also precluded from consideration if his or her conviction involves "An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(iii). Inmates who

are "convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section" are also ineligible for early release. 28 C.F.R. § 550.55(b)(6). A new program statement, Program Statement 5162.05, was also issued. Program Statement 5162.05 indicates that a federal prisoner who is convicted of a drug offense under 21 U.S.C. § 841 or 846 and receives a two level sentencing enhancement under the sentencing guidelines for possession of a firearm is ineligible for early release. P.S. 5162.05(4)(b) and (d).

C.

Petitioner argues that the BOP should have granted him a one year reduction in sentence because the offenses that he was convicted of were non-violent offenses. Petitioner's argument does not carry the day. The Supreme Court has held that under § 3621(e)(2)(B), the Bureau of Prisons had the discretion to enact 28 C.F.R. § 550.58 and categorically deny early release to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm. See Lopez v. Davis, 531 U.S. 230, 238-43 (2001).

In Lopez, the Supreme Court found that § 3621(e)(2)(B) did not limit the considerations that the BOP could use to guide its decisions involving the early release of inmates following their completion of drug treatment. The Supreme Court said that the BOP was not required to make only individualized determinations or to consider only an inmate's post-conviction conduct in making the determination regarding a prisoner's eligibility for a sentence reduction. Id. at 240. Significantly, the Supreme Court held that the BOP could reasonably conclude that an inmate's prior involvement with firearms, in connection with a felony, suggested a readiness to resort to "life-

5

endangering violence" that was relevant to the early release decision. Lopez, 531 U.S. at 244.

In light of the decision in Lopez, the BOP's decision to deny Petitioner early release consideration because he had received a two point sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with his drug conviction, was both reasonable and permissible. Other courts have concluded the same. See Boucher v. Lamanna, 27 F. App'x. 279, 280-81 (6th Cir. 2001); Todd v. Scibana, 20 F. App'x. 361, 362 (6th Cir. 2001). Further, as the government notes, Petitioner has no liberty interest in early release.

## IV. Conclusion

For the reasons that follow, the petition is DENIED. Should Petitioner chose to appeal, a certificate of appealability is not necessary. See Witham v. United States, 355 F. 3d 501, 504 (6th Cir. 2004).

SO ORDERED.

                                      s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018
      Detroit, Michigan